UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **REGINALD BALLARD,** | : | Case No. 1:05CV0658 |
| | : | |
| Petitioner, | : | JUDGE O'MALLEY |
| | : | |
| v. | : | <u>ORDER</u> |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Respondent. | : | |

**I.    INTRODUCTION**.

On March 3, 2004, petitioner Reginald Ballard ("Ballard") was indicted for three separate counts of taking, by force or intimidation, monies belonging to banks insured by the Federal Deposit Insurance Corporation in violation of Title 18, Section 2113(a), of the United States Code ("unarmed robbery"). Ballard pleaded guilty to the unarmed robbery charges on April 29, 2004. On July 9, 2004 Ballard was sentenced to eighty-four months imprisonment and three years of supervised release. The Court issued the judgment and commitment on July 16, 2004. Ballard's plea agreement prohibited the filing of a direct appeal. Ballard, *pro se*, filed the instant *Motion to Vacate, Set Aside, or Correct his Sentence* under 28 U.S.C. § 2255 (Doc. 1) (the "2255 motion") on March 2, 2005. The United States of America (the "government") filed an Answer to Ballard's 2255 motion on April 13, 2005. Ballard did not reply to the government or supplement his original 2255 motion in any way. For the reasons more fully discussed herein, Ballard's *Motion to Vacate, Set Aside, or Correct his Sentence* (Doc. 1) is **DENIED** and this action is **DISMISSED**.

**II.  DISCUSSION**.

Ballard's 2255 motion alleges that he is being held in violation of the Constitution for three reasons: (1) his lawyer, "deprived him of a fair trial, and gave [him] erroneous advice by telling him not to appeal his sentence;" (2) the federal sentencing guidelines, "[were] rule[ed] by the Supreme Court to be unconstitutional;" and (3) the, "enhancement of his sentence was unconstitutional." See Pet'r Br. at 5-6. Ballard's first assertion is an ineffective assistance of counsel claim. His remaining two grounds for relief appear to assert Booker-related claims. See United States v. Booker, 543 U.S. 220 (2005). After examining the parties' filings and reviewing the record, the Court finds Ballard's assertions to be without merit.

**A.  Standard of Review.**

A petitioner who moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. "To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005) (internal citations and quotations omitted).

**B.  Ballard's Ineffective Assistance of Counsel Claim.**

Ballard's sole statements in support of his ineffective assistance of counsel claim are that his trial attorney, "advised [him] not to appeal [his] sentence, [even though he] wanted to appeal his sentence. There was a conflict of interest between attorney and client;" and that his counsel, "deprived

2

him of fair trial and gave [him] erroneous advice by telling him not to appeal his sentence when [Ballard] question[ed] him about his 'PSR' which did raise numerous assignments of error." Pet'r Br. at 4, 5. Ballard's trial counsel responded with an affidavit, stating that: "[Ballard] did not ask or instruct me to file a notice of appeal. I did not specifically discuss taking an appeal with Mr. Ballard as he had not indicated to me any desire to appeal and under the circumstances there did not appear to be any reason to appeal or any viable grounds for an appeal." Giuliani Aff. ¶ 3. Ballard's attorney further stated that he: "ha[s] no knowledge of any 'conflict of interest' which could have affected [his] representation of Mr. Ballard in any way." Id. ¶ 4.

Ballard's plea agreement waived nearly all of his appellate rights. Ballard does not argue that his waiver of appellate rights by virtue of his plea agreement was unknowing or involuntary. Indeed, at the time of his plea and again during sentencing, the Court made clear to Ballard that his acceptance of the plea agreement waived virtually all of his rights to a direct appeal. The Court also informed Ballard of his non-waivable rights to appeal and to collaterally attack his sentence which Ballard has exercised here, by virtue of this petition. Assuming Ballard's statements are accurate, therefore, the sole issue, with respect to the assistance of counsel, that the Court can decipher from Ballard's sparse petition is: given the extensive waiver of appellate rights, whether Ballard's attorney's failure to file an appeal constituted ineffective assistance of counsel.

"A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (internal quotations omitted) (citing Strickland v. Washington, 466 U.S. 668 (1984)). The test applies with equal force, "to claims, like respondent's, that counsel was constitutionally ineffective for failing to file a

3

notice of appeal." Id.

In Flores-Ortega, the Supreme Court rejected an immutable rule that would, in every case, require attorneys to consult with a client regarding an appeal or to file an appeal. Id. at 479. Instead, the Supreme Court found that where a client instructed his attorney to file an appeal and the attorney failed to do so, counsel is professionally unreasonable. Id. at 478. Where there has been no express instruction to file an appeal, however, the Supreme Court found that a constitutionally imposed duty to consult with the defendant about an appeal exists, "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480.

As an initial matter, the Court must determine whether Ballard instructed his attorney to file an appeal. Nothing in the record, however, indicates that Ballard instructed his attorney to file an appeal. Taking Ballard's statements as true, there is no assertion that he *asked* or *instructed* his attorney to file an appeal. Ballard only claims that he *wanted* to appeal his sentence but that his attorney advised him not to. As noted above, Ballard's attorney's affidavit affirmatively states that Ballard did not ask or instruct him to file an appeal. Thus, because: (a) Ballard has not claimed that he instructed his attorney to file an appeal; (b) Ballard's attorney has affirmatively stated that Ballard never asked him to file an appeal; and (c) despite an opportunity to respond to his attorney's statement or supplement his petition, Ballard has not done so, the Court cannot find that Ballard instructed his attorney to file an appeal.

Because there has been no express instruction, the Court considers whether a rational defendant would have wanted to appeal, or whether Ballard reasonably demonstrated that he was interested in appealing. In making this determination, courts should consider the totality of the circumstances as

4

known to the defendant's attorney at the time. Id. at 477. In Flores-Ortega, the Supreme Court described circumstances, similar to those in the case at bar, in which it would be unlikely that a defendant was deprived of effective assistance of counsel despite counsel's failure to consult on the issue of an appeal. The Court opined: "suppose that a defendant . . . pleads guilty; . . . does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. . . . [I]t would be difficult to say that counsel is professionally unreasonable as a constitutional matter, in not consulting with such a defendant regarding an appeal." Id. at 479. The Court further stated: "suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information." Id. at 479-80. Here, Ballard pleaded guilty, failed to allege that he expressed an interest in appealing; Ballard's attorney concluded that there were no nonfrivolous grounds for appeal, *and* the Court clearly instructed Ballard about his limited right to appeal (and his right to counsel for that appeal). Thus, the Supreme Court's guidance suggests that Ballard's counsel was professionally reasonable in not consulting Ballard about filing an appeal.

An examination of the other factors cited by the Supreme Court for consideration in determining whether a reasonable defendant would have wanted to appeal yields the same result. According to the Supreme Court, a court should review the nature of the defendant's conviction (*i.e.*, by plea or by trial). Id. In the underlying criminal case, Ballard pleaded guilty to the unarmed robbery charges, indicating, "that the defendant seeks an end to judicial proceedings." Id. at 480. A guilty plea, however, does not end the analysis. Instead, the Supreme Court stated that, "the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea . . . whether the plea expressly reserved or waived some or all appeal rights," and the scope of potentially appealable issues.

5

Id. Here, Ballard received the sentence he bargained for: the lowest end of the guideline range (eighty-four months) and a recommendation from the Court that he be admitted to a 500-hour substance abuse program. Ballard's plea agreement, signaled a desire not to appeal by expressly waiving virtually all appeal rights. In sum, Ballard reduced the scope of the potential issues for a direct appeal to almost nil.[1] Considering the record, the Court can imagine no ground upon which Ballard could have raised a nonfrivolous issue for appeal. Indeed, the only grounds for resentencing that Ballard cites in the remainder of his 2255 motion are based upon his mistaken belief that the Supreme Court's decision in Booker mandates resentencing. As discussed below, however, those claims are not cognizable on collateral review and, even if they were, Ballard's plea agreement waived his right to challenge his sentence. Any appeal on those grounds, therefore, would likely have been summarily dismissed. See United States v. McGilvery, 403 F.3d 361, 363 (6th Cir. 2005) ("we strongly encourage the government to promptly file a motion to dismiss the defendant's appeal where the defendant waived his appellate rights as part of a plea agreement"). Under these circumstances, the Court finds that Ballard's attorney

---

[1] Ballard only reserved the right to challenge an upward departure from the guidelines, to challenge a sentence in excess of the statutory maximum, to challenge the Court's determination of his criminal history, and to assert ineffective assistance of counsel. The first two challenges would be groundless as Ballard's sentence did not include an upward departure from the guidelines nor did he receive a sentence in excess of the statutory maximum. During his change of plea hearing, moreover, when Ballard's counsel said that Ballard knew his criminal history would be somewhere between a level IV and a level VI, Ballard told the Court that he understood the impact of such a high a criminal history. At no time during the underlying criminal case or in his 2255 motion did Ballard assert that his criminal history was set too high. Finally, with respect to ineffective assistance of counsel, that claim is more appropriately asserted here (though Ballard has chosen not to develop the record beyond his original petition), and would not be a basis upon which an attorney would believe a rational defendant would want to file a direct appeal. United States v. Allen, No. 06-1590 Slip Op., 2007 WL 1786901 at *6, (6th Cir. June 18, 2007) (Noting that the Sixth Circuit, "prefers that allegations of ineffective assistance be brought in a postconviction proceeding under 28 U.S.C. § 2255 , in which the parties can 'develop an adequate record on the issue.'")

had no basis to believe that a rational defendant would have wished to file an appeal.

As discussed above, the second prong of the Flores-Ortega analysis looks at whether a defendant reasonably demonstrated to his attorney that he was interested in appealing. The Court can find no suggestion in the record that Ballard demonstrated that he wanted to file an appeal. Indeed, despite the opportunity to do so, Ballard has not provided any evidence that he demonstrated he wanted to file an appeal, nor has he contradicted his attorney's affidavit which states that Ballard did not instruct him to file an appeal. As a result, the Court finds that Ballard did not demonstrate that he wanted to file an appeal. Accordingly, considering the undersigned's instructions, Ballard's knowing waiver of most of his appellate rights, the lack of nonfrivolous grounds for appeal, the absence of an affirmative statement from Ballard that he instructed his attorney to file an appeal (either in his initial petition or in any reply to the government), and his attorney's affirmative statement that he was not instructed to file an appeal, the Court finds Ballard's ineffective assistance of counsel claim to be meritless.[2]

### C. Ballard's Booker-related Claims.

---

[2] Having found that there was no reason for his attorney to think that Ballard demonstrated a desire to appeal or that a rational defendant would have wanted to appeal, the Court need not address whether Ballard was actually prejudiced – the second prong under Strickland. Nevertheless, had Ballard demonstrated a desire to appeal, the Court would have found no prejudice under Strickland. An important factor in this analysis is, "whether Appellant presented any evidence of a nonfrivolous issue for appeal." Granger v. Hurt, 215 Fed. Appx. 485, 494 (6th Cir. 2007); see also Flores-Ortega, 528 U.S. at 480, 485-86. (recognizing "that the prejudice inquiry we have described is not wholly dissimilar from the inquiry used to determine whether counsel performed deficiently in the first place."). As discussed above, Ballard has presented no such grounds here.

Indeed, though Ballard believes his attorney's alleged advice not to appeal presented a conflict of interest and deprived him of effective assistance of counsel, the Court can find no case holding that an attorney's mere recommendation that a client not file an appeal constituted either one. This seems particularly true where, as here, the defendant has only claimed error with respect to his sentencing (as discussed below), but, in his plea agreement, waived virtually any challenge to his sentence. Thus, any appeal from the sentence, as suggested by Ballard in his petition, would have been completely frivolous.

Ballard's final two challenges claim that the sentencing guidelines and the Court's enhancement of his sentence were unconstitutional. At the outset, the Court notes that, with respect to sentencing, Ballard waived his right to appeal any sentence that was not in excess of the statutory maximum directly or through a motion under § 2255. This waiver alone is sufficient to bar Ballard's Booker-related claims. See United States v. Hensel, No. 04-4325, slip op., 2007 WL 1028865 at *3 (6th Cir. Apr. 4, 2007) (quoting United States v. Luebbert, 411 F.3d 602, 603 (6th Cir.2005) ("[W]aiver of appeal provisions in a plea agreement [may] effectively waive appeal of Booker-type violations.") (alteration in original)); see also id. at *5 (internal quotations and citations omitted) ("this Court has held that where developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature"). In any event, Ballard misapprehends the holding in Booker and inaccurately recalls his sentencing.

This Court entered final judgment against Ballard on July 16, 2004. Ballard's conviction became final ten days later when the time period for taking a direct appeal expired without any notice of appeal being filed. Subsequently, in United States v. Booker, the Supreme Court held that the mandatory nature of the Federal Sentencing Guidelines was in violation of the Sixth Amendment. Booker, 543 U.S. at 224-25. The Supreme Court held that a sentencing judge must consider the goals set forth in 18 U.S.C. § 3553(a), and that the applicable standard for this review is the reasonableness of the sentence. Id. at 244. In Humphress, however, the Sixth Circuit held that the Booker decision did not retroactively apply to cases on collateral attack. Humphress, 398 F.3d at 863. Thus, because Ballard's conviction became final prior to issuance of the Booker decision, his summary claim that the United States Sentencing Guidelines ("USSG" or the "guidelines") are unconstitutional, (which

8

overstates the holding of Booker), is not cognizable here.

Finally, the Court observes that it did not, "enhance" the sentence, as Ballard claims, but simply declined to grant a downward departure to Ballard for "voluntary disclosure of offense" under USSG section 5K2.16. The Sixth Circuit recently examined, on an appeal from the denial of a 2255 motion, a trial court's decision to deny a downward departure under section 5K2.16. See Watkins v. United States, 156 F.3d 1234 (Table), 1998 WL 476230 at *3 (6th Cir. 1998); see also United States v. Gale, 468 F.3d 929, 937 (6th Cir. 2006); United States v. Ridge, 329 F.3d 535, 544 (6th Cir. 2003). In Watkins, the Sixth Circuit held that, "the failure to depart downward is not appealable unless the trial court incorrectly believed that it lacked the discretion to do so." Id. at *3 (citing United States v. Byrd, 53 F.3d 144, 145 (6th Cir. 1995)) (finding that where, "[a] court did not make ambiguous statements regarding its discretion . . . . it must be assumed that the court found that a downward departure was not warranted under the applicable law, and this finding is simply not appealable."). Here, the Court specifically considered the government's and Ballard's positions with respect to the downward departure and determined that the departure was not warranted. The Court was aware that it had the discretion to depart downward, but found, "that a departure is not appropriate in these circumstances." Sentencing Hr'g at 11, ll. 23-24. As the Sixth Circuit has stated, when a Court is mindful of its discretion to depart downward, its determination that such a departure is unwarranted, "is simply not appealable." Id. The Court, therefore, finds no merit to Ballard's final claim.

## III. CONCLUSION.

Where, as here, a § 2255 motion and the files and records of the case conclusively show that the moving party is entitled to no relief, the Court is not required to serve notice of the motion on the United States attorney, and no hearing of any kind is required." Green v. United States, 65 F.3d 546,

9

548 (6th Cir. 1995). The Court only conducts a hearing to resolve a disputed issue of material fact that is essential to the its judgment of the motion. Because it is plain from Ballard's motion that his claims in support of his 2255 motion are entirely without merit, no hearing is required. For the foregoing reasons, Ballard's 2255 motion is **DENIED** and this action is **DISMISSED**. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                                                                               s/ Kathleen M. O'Malley
                                          **KATHLEEN McDONALD O'MALLEY**
                                          **UNITED STATES DISTRICT JUDGE**

**Dated**: **July 16, 2007**